NO. 07-00-0561-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 5, 2002



______________________________




GABRIEL GARZA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431453; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Pursuant to a plea of guilty, appellant Gabriel Garza was convicted of burglary of
a habitation with intent to commit theft and punishment was assessed at ten years
confinement, probated for five years. Upon the State's application, community supervision
was revoked for violations of the terms and conditions thereof, and the original punishment
of ten years confinement was imposed. In presenting this appeal, counsel has filed an
Anders (1) brief in support of a motion to withdraw. Based upon the rationale expressed
herein, the motion to withdraw is granted and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has
diligently reviewed the record and, in his opinion, the record reflects no meritorious ground
on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in
the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant,
and informed appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified appellant of his right to review the record and
file a pro se brief. Appellant did not file a pro se brief and the State did not favor us with
a brief.

 On January 20, 2000, appellant was convicted of burglary of a habitation with intent
to commit theft and punishment was assessed at ten years confinement, suspended for
five years. The State filed an application to revoke community supervision alleging that
appellant had violated the conditions thereof by failing to (1) report as directed for the
months of March, April, and May 2000; (2) pay court costs for the same months; and (3)
pay community supervision fees for the same months. At the hearing on the State's
application, appellant plead not true and after hearing evidence of the alleged violations,
the trial court revoked community supervision and imposed the original sentence.

 Appellate review of a revocation order is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding,
the State must prove by a preponderance of the evidence that appellant violated a
condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851
S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial
court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at
494. In determining the sufficiency of the evidence to sustain a revocation, we view the
evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d
419, 421 (Tex.Cr.App. 1979). Moreover, when more than one violation is found by the trial
court, the revocation order shall be affirmed if one sufficient ground supports it. Moore v.
State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd).

 By the Anders brief, counsel presents two arguable issues, to-wit: (1) whether the
trial court erred in overruling appellant's objection to the State's motion to unseal and open
juvenile records at the hearing on the motion to revoke, and (2) whether the trial court
erred in finding that appellant violated the conditions of community supervision by failing
to report, failing to pay supervision fees, and failing to pay court costs. However, after a
discussion of the evidence and legal authorities, counsel concedes that no reversible error
is presented. 

 Article 37.07 of the Texas Code of Criminal Procedure provides that notwithstanding
Rule 609(d) of the Texas Rules of Evidence, evidence may be offered of an adjudication
of delinquency based on a violation by the defendant of a felony or misdemeanor
punishable by confinement in jail. Prior to the commencement of the hearing on the
State's application to revoke, defense counsel objected to appellant's juvenile record being
unsealed on the grounds of surprise and inadmissibility. The trial court overruled the
objection and permitted the release of two delinquency adjudications. Further, the trial
court gave defense counsel the opportunity to move for a continuance, but after discussing
the matter with his client, counsel decided to proceed. We agree with counsel that no
reversible error is presented by the trial court's ruling to unseal appellant's juvenile record.

 Appellant's community supervision officer testified at the hearing that all terms and
conditions of community supervision were discussed with appellant when he was first
placed on community supervision and that appellant indicated he understood them. The
officer further testified that for the months of March, April, and May 2000, appellant failed
to comply with three conditions, to-wit: to report as directed, to pay installments on court
costs, and to pay $40 per month for community supervision fees. 

 Appellant testified to explain why he had violated the terms of his community
supervision. According to appellant, on March 11, 2000, he was helping his mother and
stepfather move and had been told by his stepfather that some of the items he was moving
were stolen property. While appellant was at his mother's house, police arrived to execute
a search warrant and appellant fled fearing he would be arrested because he had failed
to report to his community supervision officer for the month of March and had knowledge
of the stolen property. He was arrested for evading arrest and criminal trespass and even
after posting bond, admitted that he quit reporting as directed. Based upon the evidence, 
the State established by a preponderance of the evidence that appellant violated a
condition of community supervision. Thus, the trial court did not abuse its discretion in
revoking appellant's community supervision and imposing the original sentence. 

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



false" Priority="69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-08-0502-CR, 07-08-0503-CR; 07-08-504-CR;

 

07-08-0505-CR;
07-08-0506-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
15, 2010

 



 

ALFREDO SOLIS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,754-C, 57,761-C, 57,762-C, 57,763-C, 57,764-C;

 

 HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Alfredo Solis appeals ten
convictions for aggravated sexual assault of a child, sexual assault of a
child, and indecency with a child by sexual contact.  Through one issue, he argues the trial court
abused its discretion by ordering the jury-imposed sentences for three of the
convictions to run consecutively.  We
disagree, and will affirm.

 

Background

Indictments filed in five cases
alleged appellant committed multiple sexual offenses against one child, his
stepdaughter.  The cases were
consolidated for trial.  

At trial appellant plead guilty to
each of the indicted offenses.  After the
State presented evidence, the court instructed the jury to return a verdict of
guilty on each count.  The jury entered
verdicts accordingly.  Appellant elected
assessment of punishment by the jury. 
During its deliberation on punishment, the foreman sent the court a note
inquiring:

1)       If given probation on one count of the lessor (sic) charges, does that ensure that if the
defendant gets out he for sure will be on probation?

2)         If not does probation have to be given
on all charges.(sic)

The court responded with a
supplemental charge instructing the jury to continue its deliberations.  The jury returned verdicts assessing two
fifty-year sentences for aggravated sexual assault of a child,[1]
two twenty-year sentences for sexual assault of a child,[2]
five twenty-year sentences for indecency with a child by sexual contact,[3]
and one nine-year probated sentence for indecency with a child by sexual
contact. 

The State moved for consecutive
sentencing and Athat [appellant=s] probation term not begin until he
is paroled on the last sentence prior to that.@  Appellant objected to
stacked sentences.  After the trial court
made some comments, apparently based on the jurys note, concerning the jurys
wishes regarding appellants eventual possible release from confinement, and
further argument from counsel, the court stacked one of the fifty-year
sentences, one of the twenty-year sentences and the probated sentence.  It ordered the remaining sentences run
concurrently.  The effect of the courts
sentencing was seventy years confinement followed by nine years probation.  Appellant timely filed notice of appeal.

Issue

Appellant raises one issue on appeal:

Where a defendant in his mid-50s opts for jury sentencing, and where the
trial court concludes from the punishment verdicts that the jury intended the
defendant to be released at some time in the future, is the trial court
entitled to frustrate that intention by cumulating the sentences of
imprisonment to make release much less likely?[4]

Discussion

Statute authorizes a trial court to
cumulate sentences imposed for certain offenses arising out of the same
criminal episode and prosecuted in a single criminal action.  Tex. Penal Code Ann. § 3.03
(Vernon Supp. 2009).  Those
offenses include indecency with a child, and aggravated sexual assault and
sexual assault of a child younger than seventeen.  Tex. Penal Code Ann. §§ 3.03(b)(2)(A); 21.11; 22.011; 22.021 (Vernon Supp. 2009); see DeLeon
v. State, 294 S.W.3d 742 (Tex.App.Amarillo 2009, pet. refused) (applying statute).

The Court
of Criminal Appeals has indicated that a trial courts decision to cumulate
sentences constitutes an abuse of discretion only when cumulation
is not permitted by statute.  See Beedy v. State, 250 S.W.3d 107, 110 (Tex.Crim.App. 2008) (Awhen a trial judge
lawfully exercises the option to cumulate, that decision is unassailable on
appeal@); Barrow v.
State, 207 S.W.3d 377, 380-81 (Tex.Crim.App.
2006) (discussing trial court=s discretionary
decision whether to cumulate sentences). 
Accord Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex.App.BHouston
[14th Dist.] 2001, pet. refused) (noting, as a practical matter, an abuse of
discretion occurs in sentencing for multiple offenses only if the trial court
imposes consecutive sentences where the law requires concurrent sentences,
where the court imposes concurrent sentences but the law requires consecutive
ones, or where the court otherwise fails to observe the statutory requirements
pertaining to sentencing); Revels v. State, No. 05-07-01555-CR, 2008
Tex. App. Lexis 9197, at *18 (Tex.App.BDallas
Dec. 11, 2008, no pet.).

Appellant does not
contend the trial courts cumulation order in this
case contravened the statute.  The trial court did not alter the
individual sentences imposed by the jury, and none exceed the statutory
range.  All the sentences were subject to
cumulation. 
Tex. Penal Code Ann. ' 3.03(b)(2)(B)
(Vernon Supp. 2009).

Nonetheless,
appellant contends the order was an abuse of discretion because of the peculiar
circumstances.  He points to the trial
courts comment, which he contends indicates the court understood the jury
intended that appellant eventually be eligible for release from
imprisonment.  He then argues that, despite
its understanding of the jurys intention, the trial court ordered cumulation of sentences, making his eventual eligibility
for release much less likely.  This
action, appellant posits, must constitute an abuse of discretion.

Effectively,
appellants argument is an iteration of the position rejected by the Court of
Criminal Appeals in Barrow.  207 S.W.3d at 381-82.  There, Judge Meyers, in dissent, took the
position that allowing the trial judge to cumulate jury-determined sentences
contradicts a Texas defendants statutory right to have punishment assessed by
the jury.  Id. at 382.  Addressing constitutional challenges to
judge-ordered cumulation, the majority opinion
pointed out that, by statute, Texas permits a defendant to opt for
jury-assessed punishment but the Legislature also has assigned the decision
whether to cumulate sentences to the trial court.  Id. at 380.  

Because the jury
simply has no role in the decision whether sentences are to be served
consecutively or concurrently when statute permits, and the decision is left to
the discretion of the trial court, Barrow,
207 S.W.3d at 380,[5]
we are unable to agree that the jurys intentions regarding appellants
eventual eligibility for release could operate to limit the trial courts
discretion to order cumulation.[6]
 

We accordingly overrule appellant=s issue and affirm the judgments of
the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.  











[1]  Tex. Penal Code Ann. ' 22.021(a)(2)(B)
(Vernon Supp. 2009).





[2] 
Tex. Penal Code Ann. ' 22.011(a)(2)
(Vernon Supp. 2009).





[3] 
Tex. Penal Code Ann. ' 21.11(a)(1)
(Vernon Supp. 2009).





[4] The State contends appellants issue was not
preserved for our review.  See Tex. R. App. P. 33.1; Pena v.
State, 285 S.W.3d 459, 462-464 (Tex.Crim.App.
2009) (discussing preservation of error). 
Although the States argument has some merit, we find appellants
objection to the imposition of cumulative sentencing for the fifty-and
twenty-year sentences was conveyed to the trial court, and was overruled by the
courts sentencing decision, so as to preserve the complained-of error for our
review.





[5]
Cf. Gordon v. State, 633 S.W.2d 872, 879 n.16 (Tex.Crim.App. 1982) (citing
O=Bryan v. State, 591 S.W.2d 464, 476, 478 (Tex.Crim.App. 1979) (AThe duration of confinement following its assessment of
punishment is not a legitimate concern of a jury@).  





[6] Although we need not address it, we agree with the
State also that the jury foremans note is subject to more than one
interpretation as an indicator of the jurys thinking regarding appellants
eventual release from confinement.