NO. 07-02-0062-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 23, 2003

_____

JAMES RAY BARROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B3232-99-07-CR; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION[1]

Appellant James Ray Barrow appeals the revocation of his community supervision. We affirm the revocation.

---

[1] TEX. R. APP. P. 47.4.

On his plea of guilty, appellant was convicted on May 23, 2000, of the offense of delivery of cocaine. In accordance with his plea agreement, he was sentenced by the trial court to 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine, the trial court suspending the period of confinement and placing appellant on community supervision for ten years.

The State filed a motion to revoke appellant's community supervision on November 3, 2001, alleging violation of six of its conditions. The violations alleged included failing to report, failing to maintain employment, failing to pay required fees and costs, failing to perform community service, failing to submit to drug and alcohol testing, and failing to pay a "Crime Stoppers" fee. At a January 9, 2002, hearing on the motion, appellant pled true to each of the six violations. On being questioned by the trial court, appellant stated that he understood the potential consequences of his plea and that he had not been promised anything in exchange for his plea. A written stipulation of evidence signed and sworn to by appellant, stating that he had committed each of the violations alleged by the State, was admitted in evidence. The appellant also took the stand and testified at the hearing. He asked the court to continue his community supervision, adding participation in a restitution center as a condition of it.

The State presented the testimony of appellant's community supervision officer. At the conclusion of the hearing, the trial court found each of the State's allegations true, revoked appellant's community supervision, and sentenced him to 10 years confinement

in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal.

Appellant's counsel has filed a brief stating that he has carefully examined the record and researched the law, and is unable to find a meritorious error to argue to this Court. The brief thoroughly discusses the evidence presented at the hearing on the motion to revoke. Counsel concludes that there is no reversible error in this case, and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). Nevertheless, citing *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974), counsel presents a single point presenting the question whether the evidence before the trial court was legally and factually sufficient to permit the court to find that appellant violated the terms and conditions of his community supervision. Counsel also has filed a motion to withdraw and by letter informed appellant of his rights to review the trial record and to file a pro se brief. *See Johnson v. State*, 885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref'd). By letter dated July 9, 2002, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until August 12, 2002, to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court

3

determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494.

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial judge in such a proceeding is the sole trier of the facts. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling.[2] *Jones v. State*, 589 S.W.2d

---

[2]In his brief, appellant's counsel cites the standard set forth in *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996) as the standard to be applied to a review of the factual sufficiency of the State's evidence in support of revocation. Like other courts of appeals who have considered the question, *see Becker v. State*, 33 S.W.3d 64 (Tex.App.--El Paso, 2000, no pet.), we have not applied *Clewis* to community supervision revocations. We note, though, that even under that standard, the trial court's judgment would be sustained, as it is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129.

419, 421 (Tex.Crim.App. 1979). Appellant's pleas of true to all six alleged violations of the conditions of his community supervision and the stipulation of evidence amply support the court's judgment and there is nothing in the record to suggest that appellant was incompetent or that his pleas and stipulation were not made knowingly, voluntarily or intelligently. The record contains some evidence in mitigation of some of appellant's violations, but when, as here, more than one violation is alleged, proof of any one of them is sufficient to support the revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Gobell v. State*, 528 S.W.2d 223 (Tex.Crim.App. 1975); *McCollum v. State*, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).

Our review convinces us that appellate counsel conducted a diligent and conscientious review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.[3] *See Stafford,* 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We overrule the point considered by appellant's counsel, grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

---

[3]Our review is limited, though, to any issues related to revocation of appellant's community supervision. Tex. Code Crim. Proc. art. 42.12 §23(b); *see Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).

Do not publish.