NO. 07-03-0167-CR
07-03-0168-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 7, 2004

_____

TOBE JOE CARILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B12323-9603; B12324-9603; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Tobe Joe Carillo appeals the revocation of his community supervision. We affirm the revocation.

Carillo pleaded guilty on May 2, 1996, to two counts of burglary of a habitation. The judge of the 242nd District Court of Hale County sentenced Carillo to ten years confinement in the Texas Department of Criminal Justice, Institutional Division and a

$500.00 fine on each count. The sentences were suspended and Carillo was placed on ten years community supervision. The State filed its first motions to revoke Carillo's community supervision in October of 1996. After a hearing, the court continued the community supervision but required him to serve ninety days in the county jail and attend a Daily Reporting Center Program.

The State filed its second motions to revoke Carillo's community supervision on September 26, 2002, and on March 10, 2003, amended the motions alleging that he violated the conditions of community supervision by committing the offenses of theft, public intoxication, failing to report to his community supervision officer, failing to pay his probation fees, and failing to report his arrest or detention within 24 hours.

On March 18, 2003, after a hearing, Carillo pleaded true to all the allegations contained in the State's amended motions, except for an allegation he had committed theft. The State deleted the allegation of theft from both motions before appellant entered his pleas. On being questioned by the trial court, appellant stated that he understood the potential consequences of his pleas and that he had not been promised anything in exchange for his pleas. Written stipulations of evidence signed and sworn to by Carillo, stating that he had committed each of the violations alleged by the State, were admitted in evidence. He testified at the hearing and asked the court to continue his community supervision. While on community supervision he had attended college and, at one point, assisted the probation department by speaking to other probationers about how to comply with the requirements of their probation. He asked the court to allow him to continue his education and provide a home for his three-year-old son.

The State presented the testimony of Carillo's community supervision officer. At the conclusion of the hearing, the trial court found each of the State's allegations true, revoked Carillo's community supervision, and sentenced him to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice for both of the offenses, with sentences to run concurrently. He timely filed a notice of appeal.

Carillo's counsel has filed a brief stating that he has carefully examined the record and researched the law, and is unable to find a meritorious error to argue to this Court. The brief thoroughly discusses the evidence presented at the hearing on the motion to revoke. Counsel concludes that there is no reversible error in this case, and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). Counsel also has filed a motion to withdraw, has provided a copy of his brief to Carillo, and by letter informed him of his rights to review the trial record and to file a pro se brief. *See Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter dated July 21, 2003, this court also notified him of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until August 18, 2003, to do so. This court's letter also reminded Carillo to contact the clerk of this court or his counsel if he needed to review any part of the appellate record to prepare a response. He has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court

determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 493-94.

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); *Becker v. State*, 33 S.W.3d 64, 66 (Tex.App.–El Paso, 2000, no pet.). The trial judge is the sole trier of the facts. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Carillo's pleas of true to four alleged violations of the conditions of his community supervision in the underlying trial court Cause No. B12324-9603 and to five alleged violations in trial court Cause No. B12323-9603, and the respective stipulations of evidence, support the court's judgments. There is nothing in the record to suggest that he was incompetent or that his pleas and stipulations were not made knowingly, voluntarily or intelligently. The record contains some evidence in mitigation of

-4-

some of his violations, but when, as here, more than one violation is alleged, proof of any one of them is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Gobell v. State*, 528 S.W.2d 223 (Tex.Crim.App. 1975); *McCollum v. State*, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).

Our review convinces us that appellate counsel conducted a diligent and conscientious review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford,* 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking Carillo's community supervision. We grant counsel's motion to withdraw and affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.