NO. 07-03-0388-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2004

_____


SUSAN CALDERON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13656-0002; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant Susan Calderon appeals the revocation of her community supervision. We affirm the revocation.  Appellant was indicted in February 2000 by the Hale County grand jury for the felony offense of forgery.  She was convicted in July 2000 by 64th District Judge Jack Miller on her plea of guilty pursuant to a plea agreement. Punishment was assessed in conformity with the plea agreement at two years confinement in a state jail

facility and a $500 fine, both suspended for a period of five years, conditioned on appellant's compliance with the terms of her community supervision.

The State filed a motion to revoke appellant's community supervision in December 2000, alleging three violations of her community supervision conditions. Appellant plead true to the State's allegations at a January 2001 hearing, a plea supported by a written stipulation of evidence. The court chose to continue appellant's community supervision, adding one year to the period of community supervision and placing her on "intensive supervision."

The State filed a second motion to revoke in May 2002, alleging five violations. After another plea of true, stipulation of evidence, and hearing, the trial court again extended the term of appellant's community supervision. The court added two years to the term, for a total of eight years, and ordered appellant to serve 30 days in the Hale County Jail.

The State filed its third motion to revoke on April 14, 2003. This motion alleged violations of five conditions including: (1) failure to report for three months; (2) failure to pay supervision fees; (3) failure to perform community service at the rate of ten hours per month; (4) failure to attend classes required by her probation officer; and (5) failure to pay a crimestoppers fee. A June 19, 2003 order transferred the motion from the 64th District Court to the 242nd District Court. The following day appellant filed motions to recuse 64th District Court Judge Robert Kinkaid Jr., because he had previously worked as a prosecutor in the case, and 242nd District Court Judge Edward Self because of a connection between

Judge Self and appellant's ex-husband. Judge Self declined to recuse and appellant's challenge to his participation was denied after a hearing before an assigned judge.

At an August 22, 2003 hearing appellant plead true to the State's first two allegations and not true to the remaining allegations. In response to questions from the trial court, appellant related a diagnosis of bipolar disorder but stated she took medication for it and understood the nature of the proceeding. Her counsel also told the court he felt she was competent to proceed with the hearing. The State presented the testimony of appellant's probation officer, Eloyce Matthews, that appellant had completed payment of restitution as ordered by the court but was delinquent in payment of supervision fees and had failed to report, perform community service, or attend classes as ordered by the court. Matthews testified appellant had completed only ten of 400 hours of community service, and had a balance due to the probation department of $3,099.99. She also testified appellant had failed to complete courses on theft and finance as ordered by the judgment placing her on community supervision. Appellant presented a hearsay objection to Matthews' testimony on appellant's medical condition. On cross examination Matthews admitted that the motion to revoke was based on appellant's failure to pay $160 in supervision fees and did not allege she owed over $3,000.

Appellant called another probation officer, Tara Hogan, as her first witness. Hogan was the instructor in one of the classes appellant was to attend. She testified appellant's only attendance was her arrival thirty minutes late to the second of a three-night class. Hogan declined to allow her to attend the class under those circumstances.

Appellant also testified in her own behalf. She explained that she was unable to meet with Matthews in January 2003 because she had a flat tire on the way to the probation office. She testified she left a telephone message for Matthews and never received any reply. Appellant admitted to receiving letters about being behind on payments, but none of those letters sought to make an appointment with Matthews. After a telephone call from Matthews in March 2003, appellant went to the probation office but Matthews was out of the office and appellant left. She also asserted she had performed more than ten hours of community service. Appellant felt she had performed between 80 and 100 hours of community service. She had offered to show Matthews a record she kept of her hours but was later unable to locate the document. On cross-examination appellant admitted that these hours of community service would still not satisfy the court's requirement that she perform ten hours per month. Appellant disputed Hogan's testimony that she missed the first day of the required class, but did admit being late on the second day.

At the conclusion of the hearing the court found that appellant had violated the five conditions of her community supervision and revoked it. It ordered her to serve the original sentence imposed on her conviction. She filed a notice of appeal the same day and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief thoroughly discusses the procedural history of the case and evidence presented. In

conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses three potential complaints on appeal and, citing authority, explains why none show reversible error. Counsel also has filed a motion to withdraw and by letter informed appellant of her rights to review the trial record and to file a pro se brief. *Id.* By letter dated November 2, 2003, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel, granting her until December 3, 2003, to do so. This court's letter also reminded appellant to contact her counsel if she needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response. Nor has the State filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The three potential issues discussed in counsel's brief are: (1) the legal and factual sufficiency of the evidence supporting the trial court's determination that appellant violated the terms and conditions of her community supervision; (2) the denial of her motion to recuse Judge Self; and (3) the trial court's failure to properly admonish appellant regarding her pleas of true.

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494.

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial judge in such a proceeding is the sole trier of fact. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim.App. 1979).

Despite the absence of a written stipulation of evidence, appellant's pleas of true to two alleged violations of the conditions of her community supervision and evidence presented at the hearing are sufficient to support the court's judgment. The record also supports the court's findings that appellant was competent at the time of the hearing to make the pleas and that they were made voluntarily. We need not separately address the remaining allegations in the State's motion to revoke because when more than one violation is alleged, proof of any one of them is sufficient to support the revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Gobell v. State*, 528 S.W.2d 223

(Tex.Crim.App. 1975); *McCollum v. State*, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).[1]

The second issue discussed in counsel's brief is the denial of appellant's motion to recuse Judge Self from the revocation proceeding. The evidence presented at the hearing on the motion to recuse established that Judge Self had represented appellant's ex-husband in a child custody modification proceeding approximately ten years earlier. It also established her ex-husband's parents, the Pillows, had known Judge Self since high school and the mother had worked on his election campaign. Appellant testified she was concerned about Judge Self's ability to be impartial because of his relationship with the Pillows family and that her children were living with her ex-husband's parents who, she felt, wanted to prevent appellant from visiting the children. At the conclusion of that hearing the judge assigned to hear the motion found no evidence Judge Self had a personal bias or prejudice against appellant.

Article 30.01 of the Code of Criminal Procedure (Vernon Supp. 2004) provides that a judge may not hear any case in which he is the injured party, has represented a party, or is related to a party by consanguinity or affinity within the third degree. The evidence fails to establish any of those grounds for mandatory disqualification. Denials of motions to recuse are reviewed for abuse of discretion. *Kelly v. State*, 18 S.W.3d 239, 242 (Tex.App.--Amarillo 2000, no pet). We agree with counsel that this evidence fails to

---

[1]Counsel's brief concludes the evidence is not factually insufficient under the standard adopted in *Clewis v. State* 922 S.W.2d 126 (Tex.Crim.App. 1996). However the analysis in *Clewis* is not applicable to probation revocation proceedings. *See Cochran v. State*, 78 S.W.3d 20, 27 (Tex.App.–Tyler 2002, no pet).

present a meritorious question on whether the denial of appellant's motion was an abuse of discretion.

The third issue discussed in counsel's brief concerns the trial court's admonition of appellant with regard to her pleas of true. Counsel submits that the trial court's failure to admonish appellant in accordance with the provisions of Article 26.13(a) of the Code of Criminal Procedure (Vernon Supp. 2004) before accepting her plea of true to some of the allegations in the motion to revoke may constitute error. He points out that in another context the Court of Criminal Appeals has held Article 26.13(a) does not apply to revocations of community supervision. *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex.Crim.App. 2003). The rationale of *Gutierrez* is applicable here. *See Lanum v. State*, 952 S.W.2d 36, 39 (Tex.App.–San Antonio 1997, no pet.). Moreover, Article 42.12, Section 21, governing revocation of community supervision, imposes none of the requirements of Article 26.13(a).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.[2] *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court

---

[2]Our review is limited, though, to any issues related to revocation of appellant's community supervision. Tex. Code Crim. Proc. art. 42.12 §23(b); *see Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999).

did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.


                                James T. Campbell
                                    Justice

Do not publish.