NO. 07-03-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2004

______________________________

DANIEL ROY SETTLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A-13469-9907; HONORABLE ED SELF, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Appellant Daniel Roy Settle appeals the revocation of his community supervision.
We affirm the revocation. 

 Appellant was indicted on July 15, 1999, for the second degree felony offense of
delivery of cocaine. On his plea of guilty, appellant was convicted on December 27, 1999,
of that offense. In accordance with his plea agreement, he was sentenced by the trial court
to ten years confinement in the Institutional Division of the Texas Department of Criminal
Justice and a $2,000 fine, restitution, and court costs, the trial court suspending the period
of confinement and placing appellant on community supervision for ten years. 

 The State filed its first motion to revoke appellant's community supervision on May
17, 2000, alleging violation of ten of the conditions of his community supervision. An
amended motion filed July 17, 2000 alleged appellant violated fourteen conditions. That
motion was dismissed as part of a July 26, 2000, agreed order modifying the terms and
conditions of appellant's community supervision, requiring appellant to reside at a
community corrections facility and make restitution for bad checks. That order was
amended on September 29, 2000.

 The State filed a second motion to revoke on November 27, 2000, alleging appellant
failed to participate in programs of the community corrections facility. That motion was also
dismissed pursuant to an agreement modifying the conditions of appellant's community
supervision. The agreed order was rendered January 25, 2001. A third motion to revoke
was filed April 10, 2001, and alleged appellant "failed to successfully complete" the
community corrections facility. This third motion was also resolved by an agreement
resulting in dismissal of the motion and an order modifying the conditions of appellant's
probation. That order was rendered June 15, 2001.

 The State filed its fourth motion to revoke on January 6, 2003. It alleged five
violations of the conditions of appellant's community supervision. They included the failure
to keep his probation officer advised of his address and place of employment, failure to pay
restitution and court costs, use of controlled substances, failure to complete community
service work, and failure to complete treatment programs. 

 At a February 21, 2003, hearing appellant plead true to all or part of three of the
State's allegations and stipulated to evidence supporting those allegations. He plead not
true to all of two and part of two other allegations. (1) On being questioned by the trial court,
appellant stated that he understood the potential consequences of his pleas and that he
had not been promised anything in exchange for them. The State presented the testimony
of appellant's community supervision officer. At the conclusion of the hearing the court
found true each of the allegations appellant admitted and part of the additional allegations. (2)
The court revoked appellant's community supervision, and imposed the original sentence
of ten years confinement. Appellant timely filed a notice of appeal.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
and applicable law, and is unable to find a meritorious issue to argue to this Court. The brief
discusses the procedural history of the case, and cites statutory and case law applicable
to revocation of community supervision. Counsel concludes the record of revocation of
appellant's community supervision reflects no reversible error, and that the appeal is
frivolous. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493
(1967). Counsel also has filed a motion to withdraw and by letter provided appellant a copy
of the brief and informed appellant of his rights to review the trial record and to file a pro se
brief. See Johnson v. State, 885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref'd). By letter
dated October 2, 2003, this Court also notified appellant of his opportunity to submit a
response to the Anders brief and motion to withdraw filed by his counsel, granting him until
October 27, 2003, to do so. This court's letter also reminded appellant to contact his
counsel if he needed to review any part of the appellate record to prepare a response.
Appellant has not filed a brief or other response. The State has not filed a brief in this
appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its
discretion in revoking community supervision if the State fails to meet its burden of proof. 
Cardona, 665 S.W.2d at 494. 

 In a revocation proceeding, the State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision as alleged in the
motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial
judge in such a proceeding is the sole trier of the facts. Taylor v. State, 604 S.W.2d 175,
179 (Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing
alone, is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469, 470
(Tex.Crim.App. 1979). 

 Appellant's pleas of true to three alleged violations of the conditions of his
community supervision and the stipulation of evidence amply support the court's judgment
and there is nothing in the record to suggest that appellant was incompetent or that his
pleas and stipulation were not made knowingly, voluntarily or intelligently. We need not
additionally address the State's remaining allegations because when more than one
violation is alleged, proof of any one of them is sufficient to support the revocation. Moore
v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Gobell v. State, 528 S.W.2d 223
(Tex.Crim.App. 1975); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston
[14th Dist.] 1990, pet. ref'd).

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. (3) See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court
did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.

 

 James T. Campbell

 Justice

Do not publish.
1. The trial court's order reflects appellant plead not true to the allegations in the
State's motion.
2. The additional allegations the court found true were that appellant tested positive
for cocaine use in September 2002, failed to complete a substance abuse felony
punishment aftercare program and failed to attend alcoholics anonymous or narcotics
anonymous meetings "as directed." 
3. In so doing, we have not ignored a letter appellant submitted to the Clerk of this
Court before the filing of his counsel's Anders brief, by which appellant expressed the
understanding that he was to be included among a group of defendants who were to be
pardoned or receive other relief. Nothing in the record before us, or of which we may take
judicial notice, indicates that such relief has been granted to appellant. Our review in this
appeal is limited to any issues related to revocation of appellant's community supervision. 
Tex. Code Crim. Proc. art. 42.12 § 23(b); see Manuel v. State, 994 S.W.2d 658, 661
(Tex.Crim.App. 1999). Appellant has the option of presenting issues concerning his
conviction to the Texas Court of Criminal Appeals by an application for a post-conviction
writ of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure.