NO. 07-03-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2004

______________________________

DANIEL ROY SETTLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A-13469-9907; HONORABLE ED SELF, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Daniel Roy Settle appeals the revocation of his community supervision. We affirm the revocation. 

Appellant was indicted on July 15, 1999, for the second degree felony offense of delivery of cocaine.  On his plea of guilty, appellant 
was convicted on December 27, 1999, of that offense. In accordance with his plea agreement, he was sentenced by the trial court to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine, restitution, and court costs, the trial court suspending the period of confinement and placing appellant on community supervision for ten years. 

The State filed its first motion to revoke appellant’s community supervision on May 17, 2000, alleging violation of ten of the conditions of his community supervision. An amended motion filed July 17, 2000 alleged appellant violated fourteen conditions.  That motion was dismissed as part of a July 26, 2000, agreed order modifying the terms and conditions of appellant’s community supervision, requiring appellant to reside at a community corrections facility and make restitution for bad checks.  That order was amended on September 29, 2000.

 The State filed a second motion to revoke on November 27, 2000, alleging appellant failed to participate in programs of the community corrections facility.  That motion was also dismissed pursuant to an agreement modifying the conditions of appellant’s community supervision.  The agreed order was rendered January 25, 2001. A third motion to revoke was filed April 10, 2001, and alleged appellant “failed to successfully complete” the community corrections facility.  This third motion was also resolved by an agreement resulting in dismissal of the motion and an order modifying the conditions of appellant’s probation.  That order was rendered June 15, 2001.

The State filed its fourth motion to revoke on January 6, 2003.  It alleged five violations of the conditions of appellant’s community supervision.  They included the failure to keep his probation officer advised of his address and place of employment, failure to pay restitution and court costs, use of controlled substances, failure to complete community service work, and failure to complete treatment programs. 

At a February 21, 2003, hearing appellant plead true to all or part of three of the State’s allegations and stipulated to evidence supporting those allegations. He plead not true to all of two and part of two other allegations.
(footnote: 1) On being questioned by the trial court, appellant stated that he understood the potential consequences of his pleas and that he had not been promised anything in exchange for them.  The State presented the testimony of appellant’s community supervision officer.  At the conclusion of the hearing the court found true each of the allegations appellant admitted and part of the additional allegations.
(footnote: 2) The court revoked appellant’s community supervision, and imposed the original sentence of ten years confinement.  Appellant timely filed a notice of appeal.

Appellant’s counsel has filed a brief stating that he has carefully reviewed the record and applicable law, and is unable to find a meritorious issue to argue to this Court. The brief discusses the procedural history of the case, and cites statutory and case law applicable to revocation of community supervision.  Counsel concludes the record of revocation of appellant’s community supervision reflects no reversible error, and that the appeal is frivolous. 
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).  Counsel also has filed a motion to withdraw and by letter provided appellant a copy of the brief and informed appellant of his rights to review the trial record and to file a pro se brief.  
See Johnson v. State
, 885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref’d).  By letter dated October 2, 2003, this Court also notified appellant of his opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by his counsel, granting him until October 27, 2003, to do so. This court’s letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response.  The State has not filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); 
Jackson v. State
, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof.  
Cardona
, 665 S.W.2d at 494. 
 

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke.  
Cobb v. State
, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial judge in such a proceeding is the sole trier of the facts. 
Taylor v. State
, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant’s plea of true to an alleged violation, standing alone, is sufficient to support the revocation. 
Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). 

Appellant’s pleas of true to three alleged violations of the conditions of his community supervision and the stipulation of evidence amply support the court’s judgment and there is nothing in the record to suggest that appellant was incompetent or that his pleas and stipulation were not made knowingly, voluntarily or intelligently.  We need not additionally address the State’s remaining allegations because when more than one violation is alleged, proof of any one of them is sufficient to support the revocation.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); 
Gobell v. State
, 528 S.W.2d 223 (Tex.Crim.App. 1975); 
McCollum v. State
, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).

 Our review convinces us that appellate counsel conducted a complete review of the record.  
We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.
(footnote: 3)  
See Stafford, 
813 S.W.2d at 511
. 
 We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant’s community supervision.
 We grant counsel’s motion to withdraw and affirm the judgment of the trial court.

James T. Campbell

         Justice

Do not publish.

FOOTNOTES
1: The trial court’s order reflects appellant plead not true to the allegations in the State’s motion.

2: The additional allegations the court found true were that appellant tested positive for cocaine use in September 2002, failed to complete a substance abuse felony punishment aftercare program and failed to attend alcoholics anonymous or narcotics anonymous meetings “as directed.” 

3:
In so doing, we have not ignored a letter appellant submitted to the Clerk of this Court before the filing of his counsel’s 
Anders
 brief, by which appellant expressed the understanding that he was to be included among a group of defendants who were to be pardoned or receive other relief. Nothing in the record before us, or of which we may take judicial notice, indicates that such relief has been granted to appellant. Our review in this appeal is limited to any issues related to revocation of appellant’s community supervision.  Tex. Code Crim. Proc. art. 42.12 § 23(b); 
see Manuel v. State
, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999). Appellant has the option of presenting issues concerning his conviction to the Texas Court of Criminal Appeals by an application for a post-conviction writ of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure.