Ted Oliver McCOLLUM, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–888–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 4, 1990.

Terrence Gaiser, Houston, for appellant.

John Brook, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Ted Oliver McCollum, appeals from an order revoking his probation. On June 13, 1988, appellant was convicted of the offense of burglary of a habitation with the intent to commit theft. TEX.PENAL CODE § 30.02 (Vernon 1989). The trial court assessed punishment at eight (8) years confinement probated for a period of eight (8) years and a fine of four hundred dollars. On July 20, 1989, the State filed a motion to revoke appellant's probation. At a hearing on September 21, 1989, the trial court found that appellant had violated certain terms of his probation. The court revoked its order suspending imposition of sentence and sentenced appellant to eight (8) years confinement in the Texas Department of Corrections. We affirm as reformed.

Appellant brings three points of error on appeal. In his first point of error, appellant asserts the trial court abused its discretion in revoking his probation for the offense of unlawfully carrying a handgun because the evidence fails to show when the offense was committed. In his second and third points of error, appellant submits the evidence is insufficient to show he travelled outside of Harris County without the court's permission and, in the event that we do find the evidence sufficient on this point, then the court's judgment is not subject to reformation to show appellant's probation was revoked for travelling outside Harris County without permission because the oral pronouncement of the court did not make this finding. We sustain appellant's first point of error, overrule his second and

third points of error and affirm, as reformed, the court's judgment.

The motion to revoke probation alleged a violation of seven conditions:

1) That he commit no offense, by committing the offense of unlawfully carrying a handgun on December 20, 1988.
2) That he report as directed, by failing to report during identified days.
3) That he remain in Harris County, Texas and not travel outside Harris County without permission of the court, by travelling outside Harris County on December 20, 1988, without permission of the court.
4) That he submit to a random urine analysis, by failing to do so on August 31, 1988 when requested to do so by the probation officer.
5) That he submit to a random urine analysis, by failing to do so on March 31, 1989 when requested to do so by the probation officer.
6) That he pay a probation supervisor fee in a stated amount each month, by failing to pay it for identified months.
7) That he pay his fine and court costs in a stated amount each month, by failing to pay it for identified months.

At the end of the hearing the court pronounced its findings.

"Find the defendant to be guilty of violating the terms of his probation in that he left Harris County and went to Liberty County, committed a misdemeanor offense of unlawfully carrying a weapon."

The court's judgment recites that appellant violated the terms of his probation in that, "he committed an offense—unlawfully carrying a handgun."

In his first point of error, appellant asserts the trial court abused its discretion by revoking his probation for the offense of unlawfully carrying a handgun because there is no evidence to show that this offense was committed during appellant's probation term.

The Motion to Revoke Probation alleges that appellant committed the offense of unlawfully carrying a handgun on Decem-

ber 20, 1989. To support this allegation the State called an expert in fingerprint comparison who testified appellant's prints were identical to those found on State's Exhibit # 2. State's Exhibit # 2 is a certified copy of a "Judgment and Sentence" from the County Court at Law of Liberty County, Texas, showing that appellant was convicted of the offense of unlawfully carrying a weapon on May 1, 1989. Nowhere does this judgment recite when the offense was committed. Although the conviction occurred after appellant was placed on probation, it cannot be presumed that the underlying offense was committed after appellant was placed on probation.

■■ If the order revoking probation is based on no evidence, rather than merely insufficient evidence, there is a violation of due process. *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Crim.App.1976). A conviction cannot be a ground for revocation of probation if that conviction is for an offense committed *before* the appellant was granted probation. The State concedes that the judgment and sentence from Liberty County do not allege the date the offense occurred. However, the State contends Janet Moore, appellant's probation officer, testified that she knew appellant left Harris County on December 20, 1988, because that was the date he was arrested for the weapons violation. Further, defense witness Betty Evans testified that appellant came to visit her in Liberty County on the same date he was arrested on the weapons charge, but she could not remember the date. Finally, the State contends both that appellant testified he had visited Betty Evans' husband in Liberty County and also that appellant had pled guilty to carrying a weapon in Liberty County while on probation. We disagree with the State's contentions. Reviewing the record as a whole, we find the State presented no evidence that appellant's conviction for unlawfully carrying a weapon was committed while appellant was on probation. We sustain appellant's first point of error.

In his third point of error, appellant contends the evidence is insufficient to show appellant travelled outside Harris county without permission. Appellant alleges his probation officer's testimony is insufficient to prove appellant left Harris county without permission. The relevant portion of Janet Moore's testimony reads as follows:

*Prosecutor:* What is the next condition the defendant violated?

*Probation Officer:* He was required to stay in Harris County.

*Prosecutor:* Did he stay in Harris County—in other words, required to stay unless he had permission?

*Probation Officer:* Unless he had permission from the court through the probation department.

*Prosecutor:* And did he at some time leave the county?

*Probation Officer:* Yes. He left the county on December 20, 1988.

*Prosecutor:* And how do you know he left the county?

*Probation Officer:* Because that is where he got arrested for the possession of a handgun was in Liberty County.

*Prosecutor:* Did you give him permission to leave Harris County and go to Liberty County?

*Probation Officer:* No, I did not.

In addition to Moore's testimony, defense witness Betty Evans actually confirmed the probation officer's account by testifying that appellant came to visit her in Liberty County the day he was arrested on the gun charge. Appellant, himself, corroborated Evans' testimony by stating that he went to Liberty County to talk to Mrs. Evans' husband about a job.

■■ We find there was sufficient evidence to support the trial court's finding that appellant left Harris County, Texas without first obtaining the court's permission. We also find that the court did not abuse its discretion in revoking appellant's probation based upon this single violation of the conditions of his probation. Revocation of probation may be based upon a finding that a probationer has violated a single condition of probation. When several violations of probationary conditions are found by the trial court, the order revoking probation shall be affirmed if the proof of

any allegation is sufficient. *Moore v. State,* 605 S.W.2d 924 (Tex.Crim.App.1980). Appellant's third point of error is overruled.

In his second point of error, appellant asserts that the trial court's judgment cannot be reformed to show appellant's probation was revoked for traveling outside Harris County without permission because the oral pronouncement of the trial court did not make this finding.

The trial court's findings—"Find the defendant be guilty of violating the terms of his probation in that he left Harris County and went to Liberty County, committed a misdemeanor offense of unlawfully carrying a weapon."—addresses both the weapons charge and also leaving Harris County without the court's permission. These findings are consistent with the trial court's comments during the course of the hearing: "I want to scratch something I said. I am only interested in the conviction of another crime and the fact that he was out of this county without permission." The written judgment revoking appellant's probation recited only the violation pertaining to the offense of unlawfully carrying a handgun, to wit, "he committed an offense unlawfully carrying a handgun." However, we have found appellant's probation cannot be revoked on the violation of unlawfully carrying a handgun because there was no evidence that the alleged violation occurred during appellant's term of probation.

We are authorized to reform the judgment of the trial court to comport with the trial court's pronouncement regarding appellant's leaving Harris County without the court's permission. *Mazloum v. State,* 772 S.W.2d 131 (Tex.Crim.App.1989).

In the instant case, the trial court specifically found that appellant had violated the terms and conditions of his probation by traveling outside Harris County without prior permission of the court. That finding was not included in the judgment. Consequently, we reform the trial court's judgment to reflect that appellant violated the terms and conditions of his probation by travelling outside Harris County without prior permission of the court when appellant travelled to Liberty County, Texas, on December 20, 1988.

We order the judgment reformed and corrected to read: "That the defendant has violated the terms of his probation by travelling outside Harris County, Texas without prior permission of the court when he travelled to Liberty County, Texas on December 20, 1988."

Accordingly, the judgment of the trial court is affirmed as reformed.