NO. 07-99-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2000

______________________________

RICKY LEE HALLCY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. 9011-A10634-CR; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On May 7, 1991, pursuant to a plea bargain, appellant Ricky Lee Hallcy pled guilty to the offense of aggravated assault and was sentenced to a term of ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.  However, his prison sentence was probated for a period of eight years.
(footnote: 1)  After six previous hearings and attempts to revoke his probation, appellant’s probation was finally revoked on December 21, 1998, and he was ordered to serve eight years confinement.  In challenging this revocation, appellant presents two issues in which he claims the trial court abused its discretion in revoking his probation.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

In order to properly discuss the issues presented, we must give a brief summary of the factual and procedural background of the case.  At the time appellant was placed on probation, as is customary, he was ordered to follow various terms and conditions of probation.  On January 2, 1992, a first motion to revoke was filed alleging he had violated some of the conditions.  However, on April 19, 1993, his probation was continued with a year being added to its term and under certain additional conditions.  On June 29, 1993, a second motion to revoke probation was filed, which only resulted in it being continued with an additional year being added to the term and under certain additional conditions. 

On August 26, 1994, still another motion to revoke was filed  which, on October 17, 1994, only resulted in still another continuation of probation.  On January 23, 1995, a fourth motion to revoke was filed and, on July 7, 1995, probation was still again continued.  On September 19, 1995, a fifth motion to revoke was filed.  On October 26, 1995, this motion was dismissed with an agreed requirement that appellant submit to a Substance Abuse Felony Punishment Facility.  On December 30, 1996, the trial judge signed an order permitting appellant to leave Hale County with the proviso that it was “subject to the conditions of the order heretofore entered on this cause.”  Then, on October 13, 1997, a sixth motion to revoke was filed, which initially resulted on January 30, 1998, in a judgment revoking the probation.  However, on June 8, 1998, the trial judge reconsidered the revocation and entered an order reinstating probation.  On October 16, 1998, a seventh and final motion to revoke was filed.  On December 21, 1998, the trial judge finally entered the revocation order giving rise to this appeal.  In the order, appellant was sentenced to serve eight years in the Institutional Division of the Department of Criminal Justice, a sentence two years less than the one originally assessed.

Because it is dispositive of this appeal, we turn directly to a discussion of appellant’s second issue.  In that issue, he contends the trial judge abused his discretion in finding he violated the following conditions of his probation; namely, that he “1) maintain suitable employment as far as possible; 2) obey a curfew; 3) pay restitution and a supervision fee; 4) perform community service hours; and 5) attend an anger management course.” 

The relevant condition governing his curfew provided:

(j) Defendant [appellant] will be home each night not later than 11:00 p.m. and remain there until 6:00 a.m. immediately following, unless defendant obtains permission from the defendant[’s] probation officer to be away from [his] home during these hours.

Tara Hogan, appellant’s Hale County probation officer, testified she had called appellant’s home in Beaumont after 11:00 p.m. on August 22, 1998, and he was not there.  In relevant part, her testimony was as follows:

Q:  Is a part of the terms and conditions of his probation that he is not out past 11:00 o’clock p.m.?

A:  Yes, it is.

Q:  He has to be at his home until 6:00 a.m. on the morning immediately following?

A:  That’s right.

Q:  Did you call his house after 11:00 p.m. on August 22, 1998?

A:  Yes, I did.

Q:  Was Ricky Hallcy at his house?

A:  No, he was not.

She also said that she talked to appellant the next day and he “stated that he had violated his curfew.”  Appellant argues that Hogan’s testimony is “confusing, unreliable, and untenable.”  We disagree.
(footnote: 2)  

In a probation revocation, the State must prove by a preponderance of the evidence that the probationer has violated at least one condition of probation as alleged in the revocation petition.  
Cobb v. State, 
851 S.W.2d 871, 873 (Tex.Crim.App. 1993)
.  
In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in a light most favorable to the trial court’s ruling.  
Jones v. State
, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).  In a revocation proceeding, the trial court is the sole trier of fact and, as such, determines the credibility of witnesses and the weight to be given to their testimony. 
 Grant v. State
, 566 S.W.2d 954, 956 (Tex.Crim.App. 1978).  Moreover,

 when more than one violation of probationary conditions is found by the trial court, the order revoking probation will be upheld if the evidence supports one of the violations found by the court.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); 
McCollum v. State
, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14
th
 Dist.] 1990, pet. ref’d).  The State satisfies its burden when the great weight of the credible evidence creates a reasonable belief that the alleged condition of probation has been violated and, when it has done so, it is within the trial judge’s discretion whether to revoke the probation.  
Battle v. State
, 571 S.W.2d 20, 22 (Tex.Crim.App. 1978).

Viewed in the light by which we must judge it, the evidence is sufficient to justify the trial court’s finding that appellant violated the curfew provision of his probationary conditions.  Accordingly, the trial judge did not abuse his discretion in revoking his probation and ordering him to serve his sentence.  That holding makes it unnecessary to discuss appellant’s first point or the remainder of his contentions.  The judgment of the trial court is affirmed.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
At the time of appellant’s sentence, it was called probation; however, the correct term is now community supervision.

2:
The State did not file a brief in response to appellant’s brief.  It is always a great help to this court in effectuating the proper decision in an appeal when both parties file briefs espousing their respective positions.