NO. 07-00-0120-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2000

______________________________

CLARO RIVERA,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B-12693-9705; HON. EDWARD L. SELF, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Claro Rivera (appellant) appeals an order revoking his probation and remanding him to the Texas Department of Corrections Institutional Division to serve his five year sentence for felony driving while intoxicated.  In appellant’s sole issue, he contends that the trial court abused its discretion in revoking his probation because his deportation to Mexico excused him from reporting as directed and prevented him from completing the Substance Abuse Felony Program (SAFP) for drug rehabilitation.   We affirm.

Background

On December 16, 1997, appellant pled true to the felony indictment charging him with driving while intoxicated.  The trial court sentenced him to five years in prison, but suspended his sentence and placed him on five years community supervision.  A condition of appellant’s community supervision was to “serve a term of confinement and treatment in a substance abuse treatment facility under [Art. 42.12 of the Code of Criminal Procedure, Section 14] for a term of not less than 6 months or more than 1 year. . . .”
(footnote: 1)  Furthermore, appellant was to “[R]eport to the Adult Probation Officer of HALE County, Texas on the 10
th
 day of each month at the Adult Probation Office of HALE County, Texas  . . . If transferred to another county, Probationer must report in person in that county as set out above and by mail to the HALE County Adult Probation Office. . . .”  In a motion filed on July 6, 1999, the State sought to revoke appellant’s probation because of his failure to report from January 1999 through June 1999 and for failing to complete the SAFP drug rehabilitation program.     On December 3, 1999, a hearing was held, appellant’s probation was revoked, and he was ordered to begin his five year prison sentence.  Hence, this appeal. 

Standard of Review

In a probation revocation proceeding, the State must show by a preponderance of the evidence that the probationer has violated at least one condition of probation as alleged in the revocation petition.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).  If the State fails to meet that requirement, the trial court abuses its discretion in revoking probation.  
Cardona v. State
, 665 S.W. 2d 492, 494 (Tex.Crim.App. 1984).  In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in a light most favorable to the trial court’s ruling.  
Jones v. State
, 589 S.W. 2d 419, 421 (Tex.Crim.App. 1979).  In a revocation proceeding, the trial court is the sole trier of fact and, as such, determines the credibility of witnesses and the weight to be given their testimony.  
Grant v. State
, 566 S.W.2d 954, 956 (Tex.Crim.App. 1978).  Moreover, when more than one violation of probationary conditions is found by the trial court, the order revoking probation will be upheld if the evidence supports any of the purported violations.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); 
McCollum v. State
, 784 S.W.2d 702, 704-05 (Tex. App.-- Houston [14th Dist.] 1990, pet. ref’d). The State satisfies its burden when the great weight of the credible evidence creates a reasonable belief that the alleged condition of probation has been violated, and when it has done so, it is within the trial judge’s discretion whether to revoke the probation.  
Battle v. State
, 571 S.W.2d 20, 22 (Tex.Crim.App. 1978).   

Analysis

The gist of appellant’s abuse of discretion argument is that the evidence showed he had an excuse for failing to complete SAFP and for not reporting, that excuse being his deportation out of the United States to Mexico.  The record consists solely of the testimony from the supervising probation officer at the revocation hearing.  The probation officer testified that appellant had entered SAFP and was due to be released in December, 1998.  Furthermore, after a committee met regarding appellant’s progress, it was determined to “setoff” his release date for 60 days due to his attitude and violent behavior.  While in SAFP, the probation officer learned that appellant had a hold on him from the United States Immigration and Naturalization Service (INS).  Furthermore, he was removed from SAFP by INS in December of 1998.   

Appellant contends that the evidence shows that 1) he was relieved of his duty to report because he was deported to Mexico and 2) he was unable to compete SAFP because of his deportation.  As to his failure to report, neither of the parties cited this court authority indicating that deportation relieves one from his condition to report.  And, while deportation may serve as an impediment to physically reporting, the State suggests that no evidence indicates that he could not report via mail, as was also required by the conditions of his probation.   Interesting as it is, appellant’s argument must be rejected given the record before us.

Although allegedly deported, appellant obviously entered the United States at some time thereafter because he was present at the revocation hearing which was held in Hale County, Texas.  Additionally, the clerk’s record discloses that he was arrested in Hale County, Texas in October of 1999 to attend the hearing regarding the charges levied against him in the motion to revoke.  The exact date of his return is unknown, and assuming that his return was of recent occurrence, nothing of record indicates that he was barred from returning within a time which would have allowed him to comply with the terms of his community supervision.  

In short, the evidence before us is that appellant failed to timely report either physically or by mail as required by the terms of his community supervision.  That he was somehow prevented from reporting throughout the period alleged in the motion to revoke by reasons beyond his control is not established in this record.  Thus, we cannot hold that the trial court abused its discretion in revoking his probation.  Because appellant’s probation can be revoked on the finding of a single violation, we need not address his contention that the trial court abused its discretion by finding that he failed to complete SAFP.

Accordingly, we must, and do, affirm the judgment of the trial court.            

 

Brian Quinn

    Justice 

 

Do not publish. 

FOOTNOTES
1:
Article 42.12 (14) allows the trial court to order, as a condition of community supervision, the probationer to complete a substance abuse program (otherwise known as SAFP) operated by the Texas Department of Criminal Justice.