NO. 07-00-0561-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 5, 2002

_____

GABRIEL GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431453; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty, appellant Gabriel Garza was convicted of burglary of a habitation with intent to commit theft and punishment was assessed at ten years confinement, probated for five years. Upon the State's application, community supervision was revoked for violations of the terms and conditions thereof, and the original punishment of ten years confinement was imposed. In presenting this appeal, counsel has filed an

*Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

On January 20, 2000, appellant was convicted of burglary of a habitation with intent to commit theft and punishment was assessed at ten years confinement, suspended for five years. The State filed an application to revoke community supervision alleging that appellant had violated the conditions thereof by failing to (1) report as directed for the months of March, April, and May 2000; (2) pay court costs for the same months; and (3)

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

pay community supervision fees for the same months. At the hearing on the State's application, appellant plead not true and after hearing evidence of the alleged violations, the trial court revoked community supervision and imposed the original sentence.

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). Moreover, when more than one violation is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports it. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.–Houston [14th Dist.] 1990, pet. ref'd).

By the *Anders* brief, counsel presents two arguable issues, to-wit: (1) whether the trial court erred in overruling appellant's objection to the State's motion to unseal and open juvenile records at the hearing on the motion to revoke, and (2) whether the trial court erred in finding that appellant violated the conditions of community supervision by failing

3

to report, failing to pay supervision fees, and failing to pay court costs. However, after a discussion of the evidence and legal authorities, counsel concedes that no reversible error is presented.

Article 37.07 of the Texas Code of Criminal Procedure provides that notwithstanding Rule 609(d) of the Texas Rules of Evidence, evidence may be offered of an adjudication of delinquency based on a violation by the defendant of a felony or misdemeanor punishable by confinement in jail. Prior to the commencement of the hearing on the State's application to revoke, defense counsel objected to appellant's juvenile record being unsealed on the grounds of surprise and inadmissibility. The trial court overruled the objection and permitted the release of two delinquency adjudications. Further, the trial court gave defense counsel the opportunity to move for a continuance, but after discussing the matter with his client, counsel decided to proceed. We agree with counsel that no reversible error is presented by the trial court's ruling to unseal appellant's juvenile record.

Appellant's community supervision officer testified at the hearing that all terms and conditions of community supervision were discussed with appellant when he was first placed on community supervision and that appellant indicated he understood them. The officer further testified that for the months of March, April, and May 2000, appellant failed to comply with three conditions, to-wit: to report as directed, to pay installments on court costs, and to pay $40 per month for community supervision fees.

4

Appellant testified to explain why he had violated the terms of his community supervision. According to appellant, on March 11, 2000, he was helping his mother and stepfather move and had been told by his stepfather that some of the items he was moving were stolen property. While appellant was at his mother's house, police arrived to execute a search warrant and appellant fled fearing he would be arrested because he had failed to report to his community supervision officer for the month of March and had knowledge of the stolen property. He was arrested for evading arrest and criminal trespass and even after posting bond, admitted that he quit reporting as directed. Based upon the evidence, the State established by a preponderance of the evidence that appellant violated a condition of community supervision. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision and imposing the original sentence.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

5

Don H. Reavis
Justice

Do not publish.