NO. 07-02-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 7, 2002

_____

JACK A. SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13501-9908; HONORABLE JACK R. MILLER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty, appellant Jack A. Smith was convicted of driving while intoxicated, third or more, enhanced, and punishment was assessed at ten years confinement and a $1,000 fine. However, the period of confinement was suspended and appellant was placed on community supervision for five years. Upon the State's application, community supervision was revoked for violations of the terms and conditions

thereof, and the original punishment of ten years confinement was imposed. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

On March 13, 2000, appellant was convicted of driving while intoxicated, third or more, enhanced, and punishment was assessed at ten years confinement and a $1,000 fine, suspended for five years. On May 30, 2001, the State filed an application to revoke

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

community supervision alleging that appellant had violated the conditions thereof by failing to (1) report as directed for the months of March, April, and May 2001; (2) pay court costs for the months of April and May 2001; (3) perform community service; (4) attend and complete a community correction program; and (5) attend Alcoholics Anonymous. At the hearing on the State's application, appellant pled true and after hearing evidence of the alleged violations, the trial court revoked community supervision and imposed the original sentence. In addition, there had been a prior motion to revoke filed, to which appellant also pled true, at which time the community supervision was continued until such time as the State file the motion to revoke which is the subject of this appeal.

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). Moreover, when more than one violation is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports it. Moore v.

3

State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).  Here, the plea of true to the allegations in the motion to revoke along with the evidence stipulations entered into at the hearing ensure no potential abuse of discretion.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

By the *Anders* brief, counsel concedes the record does not reveal any potentially arguable issues.  After our own independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal, we agree. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).  We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.