NO. 07-03-0298-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 2, 2004

_____

JOICE MARIE WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4141; HONORABLE DAVID M. MCCOY, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Appellant Joice Marie Wilson was adjudicated guilty of possession of a controlled substance and sentenced to two years in a state jail facility, suspended for five years of community supervision. Upon the State's motion, the trial court revoked community supervision for violations of the conditions thereof and assessed the original sentence. Presenting two points of error, appellant challenges the order of revocation asserting abuse

of discretion by the trial court in finding that she violated items 5 (failing to report) and 12 (failing to abstain from use of any controlled substance) because there was insufficient evidence. We affirm.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).

In 1997, appellant was granted deferred adjudication for possession of a controlled substance and placed on community supervision for two years. In 2001, upon the State's motion to proceed, she was adjudicated guilty of possession, and was sentenced to two

years confinement, suspended for five years. On March 19, 2003, the State filed a motion to revoke community supervision alleging numerous violations of the conditions thereof.

At a hearing on the State's motion, appellant plead not true to the allegations and evidence was presented. A community supervision officer conducting a "courtesy supervision" for persons outside the county testified that appellant signed a document in lieu of having a urinalysis admitting she used crack cocaine on January 27, 2003, and appellant testified at the revocation hearing that she used cocaine on January 27, 2003. Evidence was also presented that appellant failed to report by mail for the months of July, November, and December 2002. The trial court found that appellant had violated conditions 5 and 12 and imposed the original sentence of two years confinement in a state jail facility.

Appellant's admission to using cocaine while on community supervision supports the trial court's revocation order. *Moore*, 605 S.W.2d at 926. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision. Points of error one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.