NO. 07-04-0327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 10, 2005

_____

DONALD PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A13157-9808; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, in 1998, appellant Donald Pena was convicted of indecency with a child and sentenced to ten years confinement and a $1,000 fine, suspended for ten years. Following a motion and several amended motions to revoke in which the State alleged numerous violations of the conditions of community supervision,

on May 28, 2004, appellant's community supervision was revoked and the original sentence was imposed. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel advances three arguable points for consideration, to-wit:

(1) the factual sufficiency of the evidence to support the revocation order;
(2) the effectiveness of trial counsel's assistance; and

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

(3) whether appellant was denied due process of law because the trial court was not impartial.

However, after analysis, counsel concedes these arguments do not require reversal.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

At the hearing on the State's amended motion to revoke, appellant freely, voluntarily, knowingly, and intelligently pleaded true to allegations that he failed to notify his community supervision officer of a change of address, failed to pay restitution and supervision fees, and was within 100 yards of a residence, school, or other location where three different children under the age of 18 were present. Based on his plea of true and evidence presented on other alleged violations, the trial court found, in addition to the admitted violations, that appellant had committed criminal trespass and was within 100 yards of other

residences where two additional children under age 18 were present. Based on appellant's plea of true and the evidence presented, we conclude the trial court did not abuse its discretion in revoking appellant's community supervision. Based on the record before us, we need not address counsel's arguable points.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.