NO. 07-10-00196-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
23, 2011

 



 

JULIE ANN TURNER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 

NO. B15347-0401; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, Julie Ann Turner, entered a plea of guilty to
possession of a controlled substance, methamphetamine, in an amount of less
than one gram[1]
and was sentenced to 18 months in a State Jail Facility (SJF) and fined $2,000;
however, appellant’s SJF sentence was suspended, and appellant was placed on
community supervision for a period of five years.  Later, the State filed a motion to revoke
appellant’s community supervision.  After
a hearing on the State’s motion to revoke, the trial court revoked appellant’s
community supervision and sentenced her to the original sentence of 18 months
confinement in a SJF.  Appellant appeals
contending that one of the terms of probation that the State alleged appellant
violated was an invalid term and the resulting revocation must be
reversed.  Further, appellant contends
that the evidence was not sufficient to sustain the judgment of the trial court
revoking her community supervision.  We
will affirm.

Factual and Procedural Background

            Following
appellant’s indictment for possession of a controlled substance,
methamphetamine, in an amount of less than one gram, appellant entered into a
plea bargain with the State.  As a result
of the plea bargain, appellant was found guilty of the indicted offense and
sentenced to serve 18 months in an SJF and pay a $2,000 fine.  The SJF portion of the sentence was
suspended, and appellant was placed on community supervision for a period of
five years.  Appellant’s community
supervision was later modified by agreement, the modification extending the
period of community supervision for an additional one year.  Among the terms and conditions of community
supervision applicable to appellant, two are the focus of the State’s motion to
revoke: term and condition four requiring appellant to report to the Community
Supervision and Corrections Officer each month and term and condition 20
requiring appellant to complete 400 hours of community service on a community
service project as assigned by the supervision officer.  The State’s motion to revoke community
supervision alleged that appellant failed to report on two specified months and
that appellant had failed to complete the 400 hours of community service as
required.  

            At
the hearing on the State’s motion to revoke, appellant pleaded true to the
allegations contained in the motion. 
After hearing evidence regarding the circumstances surrounding the
violation of the terms and conditions of community supervision, the trial court
found the allegations to be true and sentenced appellant to serve 18 months in
an SJF.  

            Appellant
appeals, contending that term and condition 20 is invalid and that the evidence
is insufficient to support the trial court’s judgment regarding appellant’s
violation of term and condition 20.  We
disagree with appellant and will affirm the judgment of the trial court.

Standard of Review

            An
order revoking community supervision is reviewed under an abuse of discretion
standard of review.  See Rickels v. State, 202
S.W.3d 759, 763 (Tex.Crim.App. 2006).  Further, we examine the evidence in a light
most favorable to the trial court’s order. 
See Pena v. State, No. 07-10-00206-CR, 2011 Tex. App.
LEXIS 653, at *4 (Tex.App.—Amarillo January 28, 2011,
no pet.) (mem. op., not designated for publication) (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981)). 
A plea of true, standing alone, is sufficient to support a revocation of
community supervision.  See Moses
v. State, 590 S.W.2d 469, 470 (Tex.Crim.App.
1979).  A revocation may be founded upon
the trial court’s determination that there was a violation of a single term and
condition of community supervision.  See McCollum v. State, 784 S.W.2d 702, 704 (Tex.App.—Houston [14th Dist.] 1990, pet. ref’d).  

 

Analysis

            Appellant
pleaded true to both allegations contained in the State’s motion to
revoke.  The trial court heard the
evidence and found that appellant had violated both the terms and conditions
alleged in the State’s motion to revoke. 
Therefore, even were we to assume that appellant’s contention regarding
term and condition 20 was correct, which we do not, there would still be a term
and condition that appellant was found to have violated.  Appellant has not appealed the trial court’s
determination that she violated her reporting term and condition.  Accordingly, the trial court’s finding stands.  See id.  The trial court did not abuse its discretion
in finding that appellant violated her reporting requirements.  Rickels, 202 S.W.3d at 763.

Term and Condition 20

            Because
of our disposition of this matter, we need not address appellant’s allegations
regarding term and condition 20.  See
Tex. R. App. P. 47.1.

Conclusion

            Having
determined that the trial court did not abuse its discretion in revoking
appellant’s community supervision, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.











[1]  See Tex. Health
& Safety Code Ann. § 481.115(a) (West 2010).