NO. 07-10-00196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 23, 2011

_____

JULIE ANN TURNER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15347-0401; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Julie Ann Turner, entered a plea of guilty to possession of a controlled substance, methamphetamine, in an amount of less than one gram[1] and was sentenced to 18 months in a State Jail Facility (SJF) and fined $2,000; however, appellant's SJF sentence was suspended, and appellant was placed on community supervision for a period of five years. Later, the State filed a motion to revoke appellant's community supervision. After a hearing on the State's motion to revoke, the trial court revoked

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010).

appellant's community supervision and sentenced her to the original sentence of 18 months confinement in a SJF.  Appellant appeals contending that one of the terms of probation that the State alleged appellant violated was an invalid term and the resulting revocation must be reversed.  Further, appellant contends that the evidence was not sufficient to sustain the judgment of the trial court revoking her community supervision. We will affirm.

## Factual and Procedural Background

Following appellant's indictment for possession of a controlled substance, methamphetamine, in an amount of less than one gram, appellant entered into a plea bargain with the State.  As a result of the plea bargain, appellant was found guilty of the indicted offense and sentenced to serve 18 months in an SJF and pay a $2,000 fine. The SJF portion of the sentence was suspended, and appellant was placed on community supervision for a period of five years.  Appellant's community supervision was later modified by agreement, the modification extending the period of community supervision for an additional one year.  Among the terms and conditions of community supervision applicable to appellant, two are the focus of the State's motion to revoke: term and condition four requiring appellant to report to the Community Supervision and Corrections Officer each month and term and condition 20 requiring appellant to complete 400 hours of community service on a community service project as assigned by the supervision officer.  The State's motion to revoke community supervision alleged that appellant failed to report on two specified months and that appellant had failed to complete the 400 hours of community service as required.

2

At the hearing on the State's motion to revoke, appellant pleaded true to the allegations contained in the motion. After hearing evidence regarding the circumstances surrounding the violation of the terms and conditions of community supervision, the trial court found the allegations to be true and sentenced appellant to serve 18 months in an SJF.

Appellant appeals, contending that term and condition 20 is invalid and that the evidence is insufficient to support the trial court's judgment regarding appellant's violation of term and condition 20. We disagree with appellant and will affirm the judgment of the trial court.

Standard of Review

An order revoking community supervision is reviewed under an abuse of discretion standard of review. See Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). Further, we examine the evidence in a light most favorable to the trial court's order. See Pena v. State, No. 07-10-00206-CR, 2011 Tex. App. LEXIS 653, at *4 (Tex.App.—Amarillo January 28, 2011, no pet.) (mem. op., not designated for publication) (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981)). A plea of true, standing alone, is sufficient to support a revocation of community supervision. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). A revocation may be founded upon the trial court's determination that there was a violation of a single term and condition of community supervision. See McCollum v. State, 784 S.W.2d 702, 704 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

Analysis

Appellant pleaded true to both allegations contained in the State's motion to revoke. The trial court heard the evidence and found that appellant had violated both the terms and conditions alleged in the State's motion to revoke. Therefore, even were we to assume that appellant's contention regarding term and condition 20 was correct, which we do not, there would still be a term and condition that appellant was found to have violated. Appellant has not appealed the trial court's determination that she violated her reporting term and condition. Accordingly, the trial court's finding stands. See id. The trial court did not abuse its discretion in finding that appellant violated her reporting requirements. Rickels, 202 S.W.3d at 763.

Term and Condition 20

Because of our disposition of this matter, we need not address appellant's allegations regarding term and condition 20. See TEX. R. APP. P. 47.1.

Conclusion

Having determined that the trial court did not abuse its discretion in revoking appellant's community supervision, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

4