<HTML>

<HEAD>

<META NAME="Generator" CONTENT="WordPerfect 9">

<TITLE></TITLE>

</HEAD>

<BODY TEXT="#000000" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

NO. 07-03-0259-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 29, 2004

______________________________

DAVIE HARRISON, APPELLANT

V.

NORTHWEST TEXAS HEALTH CARE SYSTEM, ET AL., APPELLEES

_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,815-B; HONORABLE JOHN B. BOARD, JUDGE

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION

Appellant Davie Harrison, an inmate proceeding pro se and in forma pauperis,

challenges the trial court's order dismissing his claim for alleged negligence and breach of

duty in medical services provided by Northwest Texas Health Care, System, et al.  

Presenting three issues, Harrison contends the trial court abused its discretion in

dismissing his claim.  We affirm.

Citing sections 671.001 and 672.009 of the Texas Health and Safety Code, (1)

Harrison filed a notice of intent to file a claim against Northwest Texas Health Care System,

et al. pursuant to former article 4590i of the Medical Liability Act within 60 days of the date

of his notice.  The notice is dated March 17, 2003, and bears a Potter County District Clerk

file-stamp of April 4, 2003.  It is designated in the clerk's record as "Plaintiff's Original

Petition."  By the notice, Harrison did not seek any relief against Northwest Texas Health

Care System, et al.  On May 12, 2003, the trial court signed a dismissal order citing, among

other reasons, that Harrison's realistic chance of ultimate success was slight and therefore

frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. 14.003(b)(1) (Vernon 2002).

By his three issues, Harrison contends the trial court erred in dismissing his claim

(1) as frivolous (2) pursuant to section 14.003(b)(1) and (3) pursuant to Rule 165a of the

Texas Rules of Civil Procedure.  Considering the first two issues together, we disagree.

As noted above, by his handwritten document Harrison stated it was only a notice

of claim which he "intend[ed] to file" sixty days after March 17, 2003.  Moreover, sections

671.001 and 672.009 have no relevance to the matters asserted in his notice of claim.  

Harrison did not allege his damages were within the jurisdictional limits of the court and did

not make a demand for judgment or other relief as required by Rule 47 of the Texas Rules

of Civil Procedure.  Harrison's status as a pro se litigant did not excuse the failure to comply

with the rules of procedure.  See Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, no pet.).  As presented in his notice of claim, Harrison's realistic chance of

ultimate success was slight, and his filing did not comply with Rule 47.  Thus, we overrule

issues one and two.  Our disposition of Harrison's first and second issues pretermits

consideration of his third.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

   Justice

1. Section 671.001 is entitled "Standard Used in Determining Death," and section

672.009 is entitled "Use of Information and Records; Confidentiality."

</BODY>

</HTML>

is no reversible error in this case, and that the appeal is

frivolous. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493

(1967).  Counsel also has filed a motion to withdraw, has provided a copy of his brief to

Carillo, and by letter informed him of his rights to review the trial record and to file a pro se

brief.  See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd).  By

letter dated July 21, 2003, this court also notified him of his opportunity to submit a

response to the Anders brief and motion to withdraw filed by his counsel, granting him until

August 18, 2003, to do so. This court's letter also reminded Carillo to contact the clerk of

this court or his counsel if he needed to review any part of the appellate record to prepare

a response.  He has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will

not rule on the motion to withdraw until we have independently examined the record.

Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.).  If this court

determines the appeal has merit, we will remand it to the trial court for appointment of new

counsel.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  

Appellate review of a revocation order is limited to determining whether the trial court

abused its discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);

Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its

discretion in revoking community supervision if the State fails to meet its burden of proof.  

Cardona, 665 S.W.2d at 493-94.

In a revocation proceeding, the State must prove by a preponderance of the

evidence that appellant violated a condition of community supervision as alleged in the

motion to revoke.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Becker v.

State, 33 S.W.3d 64, 66 (Tex.App.-El Paso, 2000, no pet.). The trial judge is the sole trier

of the facts. Taylor v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea

of true to an alleged violation, standing alone, is sufficient to support the revocation. Moses

v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

In determining the sufficiency of the evidence to sustain a revocation, we view the

evidence in the light most favorable to the trial court's ruling.  Jones v. State, 589 S.W.2d

419, 421 (Tex.Crim.App. 1979).  Carillo's pleas of true to four alleged violations of the

conditions of his community supervision in the underlying trial court Cause No. B12324-9603 and to five alleged violations in trial court Cause No. B12323-9603, and the respective

stipulations of evidence, support the court's judgments.  There is nothing in the record to

suggest that he was incompetent or that his pleas and stipulations were not made

knowingly, voluntarily or intelligently. The record contains some evidence in mitigation of

some of his violations, but when, as here, more than one violation is alleged, proof of any

one of them is sufficient to support revocation.  Moore v. State, 605 S.W.2d 924, 926

(Tex.Crim.App. 1980); Gobell v. State, 528 S.W.2d 223 (Tex.Crim.App. 1975); McCollum

v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).

Our review convinces us that appellate counsel conducted a diligent and

conscientious review of the record. We have also made an independent examination of the

entire record to determine whether there are any arguable grounds which might support the

appeal.  See Stafford, 813 S.W.2d at 511. We agree it presents no meritorious grounds for

review. The trial court did not abuse its discretion in revoking Carillo's community

supervision. We grant counsel's motion to withdraw and affirm the judgments of the trial

court.

James T. Campbell

       Justice

Do not publish.  

</BODY>

</HTML>