NO. 07-05-0128-CR

NO. 07-05-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 31, 2005

_____


JEFFREY BRIAN RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NOS. B14882-0303 & A15286-0312; HONORABLE ED SELF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to pleas of guilty, in 2003, appellant Jeffrey Brian Ramos was convicted of two separate offenses of driving while intoxicated and punishment was assessed in cause number B14882-0303 at five years confinement and a $2,000 fine, suspended for five years, and in cause number A15286-0312 at ten years confinement and a $2,000 fine,

suspended for seven years. The State filed amended motions to revoke alleging four violations of the conditions of community supervision. Following a hearing on the motions, the trial court revoked appellant's community supervision and imposed the original sentences. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the records and, in his opinion, they reflect no reversible error upon which appeals can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeals are frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there are no errors in the court's judgments. Counsel has also shown that he sent copies of the briefs to appellant and informed appellant that, in counsel's view, the appeals are without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the records and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* briefs, counsel concedes there are no meritorious arguments to present in these appeals. When reviewing an order revoking community supervision, the

_____

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

At the hearing on the State's motions to revoke, appellant entered pleas of true to all allegations. He signed stipulations of evidence acknowledging the allegations as true and correct. Evidence was presented from his community supervision officer that appellant received another driving while intoxicated charge only 29 days after being placed on community supervision. Additionally, after completing the SAFP program and being placed

3

in a halfway house, appellant used cocaine and after being transferred to another halfway house, relapsed with cocaine within six weeks.

Appellant's mother and appellant presented testimony hoping the trial court would consider continuing community supervision or reduce his sentences. However, the court revoked community supervision based on appellant's pleas of true and other evidence. Based on the record before us, we conclude the trial court did not abuse its discretion in revoking appellant's community supervision and imposing the original sentences.

We have also made an independent examination of both records to determine whether there are any arguable grounds which might support the appeals. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeals are frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.

4