NO. 07-08-0010-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2008

______________________________

MAURICE LESLIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 52
ND
 DISTRICT COURT OF CORYELL COUNTY;

NO. 18160; HONORABLE PHILLIP ZEIGLER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND

Appellant, Maurice Leslie, acting pro se, appeals his conviction and sentence.  A copy of a notice of appeal was filed with this Court on December 13, 2007.  The clerk’s record was filed on January 22, 2008.  Included in the clerk’s record is the trial court’s certification of defendant’s right of appeal, however, this certification is not signed by appellant.  No reporter’s record has been filed.  We have received a request from appellant for appointment of counsel to represent him on appeal.  We abate this appeal and remand the cause to the trial court to conduct a hearing and determine whether appellant is indigent and entitled to appointment of counsel.  In addition, we direct the trial court to amend its certification of defendant’s right of appeal.

If, after hearing, the trial court should determine that appellant is indigent and still desires to pursue this appeal, then the trial court shall take such measures as may be necessary to assure appellant effective assistance of counsel, including appointment of counsel.  If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel.  A copy of any order appointing counsel shall be immediately forwarded to the Clerk of this Court.  Additionally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings, conclusions, and any orders entered to be included in a supplemental clerk’s record to be filed in this Court no later than Monday, March 3, 2008.  A transcript of this hearing shall be prepared and filed in this Court as a supplemental reporter’s record no later than Monday, March 3, 2008.

Further, the trial court’s certification of defendant’s right of appeal, included in the clerk’s record, is not signed by appellant.  As such, this certification does not comply with Texas Rule of Appellate Procedure 25.2(d), which has been amended, effective September 1, 2007, to require that the certification be signed by appellant and that a copy be served on him.  
Thus, on remand, the trial court shall utilize whatever means it finds necessary to obtain appellant’s signature on an amended trial court’s certification and that such amended certification be served on appellant.  The amended certification, any other orders, and a transcript of any hearings held on this matter shall be made part of the supplemental clerk’s record and the supplemental reporter’s record ordered above and shall be filed with the Clerk of this Court by March 3, 2008
.  

Per Curiam

Do not publish.  of this testimony, the trial court found he had violated the terms and conditions of community supervision; however, commending appellant for his honesty, the trial court reformed his sentence to nine years confinement.

By the 
Anders
 brief, counsel raises three arguable points of error, to-wit: (1) appellant’s plea was not tendered voluntarily or knowingly; (2) the trial court failed to admonish appellant pursuant to article 26.13 of the Texas Code of Criminal Procedure; and (3) appellant received ineffective assistance of counsel.  Counsel then concedes that none present reversible error.

Voluntariness of a plea may not be raised on appeal from a plea-bargained felony conviction.  
See
 Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001).  Robbery is a second degree felony.  Tex. Pen. Code Ann. 29.02(b) (Vernon 2003).  Additionally, admonishments pursuant to article 26.13 are not required in the context of revocation proceedings.  
See
 Gutierrez v. State, 108 S.W.3d 304, 309 (Tex.Cr.App. 2003).  

A revocation hearing, although administrative in nature, nevertheless entitles a defendant to reasonably effective counsel.  Hill v. State, 480 S.W.3d 200, 202003 (Tex.Cr.App. 1971).  An ineffective assistance claim is reviewed
 under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under 
Strickland
, a defendant must establish that (1) counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.
  
See 
Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003);
 
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).
  Further, a claim of ineffectiveness must be firmly founded in the record.  Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1982).  

Although a motion for new trial was filed, no hearing was conducted.  Generally, a record on direct appeal is not sufficiently developed to satisfy the first prong of 
Strickland
.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).  A petition for writ of habeas corpus is the appropriate manner in which to investigate claims of ineffectiveness.  
Id
.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984);
 Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983).  In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke.
  Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision.  
Cardona
, 665 S.W.2d at 494.
  In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling.  Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979).
  When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order.
  Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).
  Additionally, a
  plea of true standing alone is sufficient to support the trial court’s revocation order.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

Appellant signed a plea of true to the State’s allegations and also pled true at the hearing.  During his testimony he admitted to violating the terms and conditions of community supervision.  Thus, no abuse of discretion is demonstrated by the trial court’s revocation order and imposition of a nine year sentence.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.